**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**CHRISTIAN DIAZ-MALDONADO,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**Civil No. 14-1563 (ADC)**
**[Related to Crim. No. 10-328-2 (ADC)]**

**OPINION & ORDER**

On March 30, 2012, a jury convicted petitioner Christian Díaz-Maldonado ("Díaz") of one count of aiding and abetting the possession with intent to distribute of at least 500 grams but less than 5 kilograms of cocaine, 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A)(ii)(II) ("Count Two"), and one count of possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) ("Count Four"). Crim. No. 10-328 (ADC), **ECF No. 526**. The jury acquitted Díaz of one count of conspiracy to illegally possess with intent to distribute cocaine, 21 U.S.C. § 846, 841(a)(1) ("Count One"). *Id*.

Díaz now timely petitions the Court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. **ECF No. 1**. When the jury found Díaz guilty of Count Two, it found that the quantity of fake cocaine involved in the offense was at least 500 grams but less than 5 kilograms— less than the "five kilograms or more" charged in the indictment. Crim.No. 10-328 (ADC), **ECF No. 8** at 2. Díaz alleges that the verdict form and jury instructions constructively

amended the indictment, impermissibly allowing the jury to find him guilty of drug quantities that were not specifically alleged in the indictment. Díaz also claims that his counsel provided ineffective assistance by failing to object to the alleged constructive amendment or raise the issue on appeal.

The government opposed the petition. **ECF No. 5**. Díaz replied to the government's opposition, **ECF No. 6**, and later moved the Court to amend his petition to include additional grounds of habeas relief. **ECF No. 9**.

## I. Initial habeas petition

The government first opposes the petition on the ground that Díaz is procedurally barred from questioning the jury instructions and verdict form because he did not raise the issue on appeal. **ECF No. 5**. Indeed, Díaz did not raise the issue on appeal. *See United States v. Díaz-Maldonado*, 727 F.3d 130, 134 (1st Cir. 2013) (affirming Díaz's conviction).

"Collateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by 'fail[ing] to raise [the] claim in a timely manner at trial or on [direct] appeal.'" *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011) (alterations in original) (quoting *Berthoff v. United States*, 308 F.3d 124, 127-128 (1st Cir. 2002)). To overcome this procedural default, Díaz "must show both 'cause' that excuses the procedural default and 'actual prejudice' resulting from the alleged error." *Wilder v. United States*, 806 F.3d 653, 658 (1st Cir. 2015) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), then citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Díaz can meet the "cause" requirement by demonstrating that he received ineffective assistance of counsel. *Id.* To meet the "actual prejudice" requirement,

he "must show that 'there is a reasonable probability' that the outcome of the trial would have been different but for the alleged error.'" *Id.*

"A constructive amendment, which is prejudicial *per se*, 'occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecution or court after the grand jury has last passed upon them.'" *United States v. Gómez-Rosario*, 418 F.3d 90, 104 (1st Cir. 2005) (quoting *United States v. Fisher*, 3 F.3d 456, 462–63 (1st Cir. 1993)). Nonetheless, "[n]o specific drug quantity needs to be proven for a jury to convict a defendant of conspiracy to possess with intent to distribute." *Id.* (citations omitted). And, once the jury determines that a defendant participated in the charged conspiracy, it is free to limit the defendant's responsibility to a quantity lower than the one specified in the indictment. *Id.*

Here, the jury was free to find Díaz guilty of trafficking a lesser drug quantity than the amount charged in the indictment. Consequently, the jury instructions and verdict form did not constructively amend the indictment, and Díaz did not receive ineffective assistance of counsel or suffer actual prejudice. Because Díaz has failed to show cause or actual prejudice, his claims regarding the alleged constructive amendment of the complaint are procedurally defaulted.

Accordingly, the Court **DENIES** Díaz's claims regarding the alleged constructive amendment of his complaint because they are procedurally defaulted. Even if these claims had not been procedurally defaulted, the Court **DENIES** them on the merits because the indictment was not constructively amended.

## II. Amended habeas petition

On September 12, 2016, Díaz requested leave from the Court to amend his petition to include new grounds for relief, namely additional claims of ineffective assistance and a new claim of prosecutorial misconduct. **ECF No. 9**.

The amended petition alleges that in July, 2016, Díaz learned that a jury had acquitted David González-Pérez ("González")—a co-defendant who was tried separately—of all the charges stemming from the drug transaction of which Díaz was found guilty, Counts Two and Four. Díaz claims he learned of González's partial acquittal in July of 2016, when a fellow inmate found the First Circuit Court of Appeal's opinion that affirmed González's conviction on several of the remaining counts. *See United States v. González-Pérez*, 778 F.3d 3 (1st Cir. 2015).[1] Díaz alleges that, after reading the First Circuit opinion affirming González's conviction, he learned that an informant who had testified at both trials, Héctor Cotto-Rivera ("Cotto"), had changed his testimony between trials. Specifically, Díaz claims that in González's trial Cotto testified that González was not armed during the drug transaction, but that during Díaz's trial Cotto testified that both Díaz and González was armed. Accordingly, Díaz claims that "[i]f the jury in Diaz's trial had known that González was not armed at the transaction, that may have caused them to acquit Díaz of aiding and abetting Gonzalez's attempt to possess with intent to distribute cocaine[,]" because one of the government's main arguments was that "González exercised dominion over the apartment, and therefore the fake cocaine, because he was armed." **ECF No.**

---

1 The opinion was published on January 23, 2015, more than a year before Díaz asked to amend his petition to include new claims.

**9** at 3. Díaz argues that he should have been able to impeach Cotto after he testified that González was armed. Finally, Díaz speculates that his counsel should have known and failed to object that Cotto allegedly lied in his testimony, or that the government should have corrected the record or disclosed the testimony that Cotto gave during the second trial.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 governs amendments to habeas petitions in a § 2255 proceeding. *See United States v. Ciampi*, 419 F.3d 20, 23–24 (1st Cir. 2005); *see also* Rules Governing § 2255 Proceedings, Rule 12, 28 U.S.C.A. foll. § 2255 (providing that the Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules). "However, in the habeas corpus context, the Rule 15 'relation back' provision is to be strictly construed, in light of 'Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them].'" *Ciampi*, 419 F.3d at 23 (quoting *Mayle v. Felix*, 545 U.S. 644, 654 (2005)). And an amended habeas petition relates back to the original habeas petition when it arises from the "'same core facts,' and [does] not depend upon events which are separate both in time and type from the events upon which the original claims depended." *Id*. "The standard cannot be satisfied 'merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.'" *Turner v. United States*, 699 F.3d 578, 585 (1st Cir. 2012) (quoting *Ciampi*, 419 F.3d at 23).

Here, the claims Díaz makes in the amended habeas petition do not relate back to the original habeas petition, nor are they related to his initial claim of ineffective assistance. In his initial petition, Díaz claims that he received ineffective assistance because his counsel failed to object to the alleged constructive amendment of the indictment. Now, Díaz claims ineffective assistance in regards to his counsel's alleged failure to cross-examine a witness. Thus, his claims rest on facts that are separate in both time and type from those that Díaz raised in the initial petition. Nonetheless, Díaz claims that he only learned about this decision in July of 2016, and promptly moved to amend his petition on September 12, 2016. **ECF No. 9**. Considering that Díaz could not easily search for his codefendant's appeal because he is incarcerated and does not speak or read English, the Court will accept the amended petition as timely under 28 U.S.C. § 2255(f)(4).

In any case, the Court can summarily dismiss Díaz's claims on the merits. Díaz new claims are predicated on the allegedly inconsistent testimony that Cotto gave at Diaz and Gonzalez's trials. At both trials, Cotto testified about the drug transaction that took place on or about September 9, 2009, for which Gonzalez and Díaz provided security. *See United States v. González-Pérez*, 778 F.3d 3, 9 (1st Cir. 2015); *see also Díaz-Maldonado*, 727 F.3d at 134. This drug transaction correlated with Counts One, Two and Four of the indictment. Díaz claims that the Court of Appeals opinions reflect that during Gonzalez's trial Cotto testified that González did not bring a firearm to the transaction. **ECF No. 9**. However, Díaz claims that during his trial Cotto testified that both González and Díaz carried a weapon during the September 9, 2009, transaction.

In light of Cotto's allegedly contradictory testimony, Díaz claims that the government engaged in prosecutorial misconduct because it never informed Díaz that González was not armed during the transaction, or correct Cotto's false testimony during trial. González's trial was held between August 12 and August 31, 2011—two months after Cotto's trial, which began on June 8, 2011. *See* Criminal No. 10-328 (ADC), **ECF Nos. 502, 611, 646**.[2] "The government cannot be faulted for failing to turn over information it did not have." *United States v. Calderón*, 829 F.3d 84, 93 (1st Cir. 2016) (citing *United States v. Hall*, 434 F.3d 42, 55 (1st Cir. 2006); *see also United States v. Rosario–Díaz*, 202 F.3d 54, 66 (1st Cir. 2000)). Because any potential contradiction regarding Cotto's testimony occurred two months after Díaz's trial, the government could not have corrected the alleged inaccuracy during Díaz's trial. The government did not engage in any prosecutorial misconduct.[3]

Díaz also claims that Cotto's allegedly contradictory testimony warrants habeas relief because his counsel provided ineffective assistance by failing to investigate the case or adequately impeach Cotto. **ECF No. 9** at 4. This argument lacks merit for two reasons. First, as Díaz himself recognizes, he "does not know whether there was any evidence provided by the government before or during trial showing that González was not armed . . . at the transaction, or if defense counsel . . . was aware or had reason to believe that González was not armed." *Id.* Thus, Díaz acknowledges that he has failed to show he received ineffective assistance of counsel,

---

[2] Diaz's trial began on June 8, 2011. Crim. No. 10-328 (ADC), **ECF No. 502**. Gonzalez's jury was impaneled and sworn in on August 12, 2011**,** *id.,* **ECF No. 611**, and reached a verdict on August 31, 2011, *id.,* **ECF No. 646**.

[3] Ultimately, even if taken as true, for argument purposes, that Cotto contradicted himself as to whether González was in possession of a weapon during the transaction, as it relates to petitioner's conduct (possession of a weapon during the transaction) Cotto's testimony remained consistent.

as he cannot show "that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996) (citing *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)); *López-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990)).

Second, Díaz's claims are conveniently silent about Cotto's testimony on whether Díaz carried a weapon or not during the drug transaction. As previously stated, taking at face value Díaz's characterization of Cotto's testimony, in both cases Cotto consistently testified that Díaz possessed or carried a weapon during a drug transaction. *See* **ECF No. 9**. And Díaz does not mention, much less challenge, this portion of the testimony. Thus, Díaz has not shown that Cotto's allegedly contradictory testimony entitles him to habeas relief, particularly when he was found guilty of Count Four—possessing a firearm in the furtherance of a drug trafficking crime. *See* Criminal No. 10-328 (ADC), **ECF No. 526**.

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because petitioner has not demonstrated that he was denied a constitutional right, the Court finds that petitioner is not

entitled to a COA. Thus, the Court will not grant petitioner a COA pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings. Petitioner may still seek a certificate directly from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b)(1).

## IV. Conclusion

In light of the above, the Court **GRANTS** Díaz leave to amend his habeas petition, **ECF No. 9**, and **DISMISSES** the habeas petition, **ECF No. 1**. Furthermore, **ECF No. 10** is **MOOT**. The Clerk of the Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 14th day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**